FILED

AUG 1 9 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,  )
        Plaintiff,  )
          )
v.  )  CRIMINAL NO. A-07-CR-66 (3)LY
          )
KELLY STRUVE,  )
        Defendant.  )

## MOTION FOR DEPARTURE PURSUANT TO FEDERAL SENTENCING GUIDELINES, SECTION 5K

Comes now the United States Attorney for the Western District of Texas and files this motion for departure from the sentencing guidelines range established by the United States Probation Office.

Pursuant to the plea agreement with KELLY STRUVE, the United States hereby requests that the Court consider the nature and extent of his cooperation in the sentencing decision. The Court is well aware of the procedural history in this case. Ms. Struve was a co-conspirator along with MITCHELL and DAVIS in an ongoing marijuana manufacturing and distribution business that went on for well over a year. STRUVE worked within the operation on a weekly and sometimes daily basis to cultivate the marijuana crops. Proceeds from this operation amounted to tens-of-thousands-of-dollars. The record reflects that MITCHELL was the beneficiary of a majority of those proceeds. Moreover, it has become apparent from the record that MITCHELL and his attorney exerted a significant amount of influence over STRUVE which was prejudicial to STRUVE.

That said, STRUVE is certainly an adult, capable of making her own decisions. Further, she has some experience with the criminal justice system as reflected by her criminal history. With new counsel, STRUVE agreed to cooperate with law enforcement officers. She has been truthful and candid. Her efforts aided in the prosecution of MITCHELL, specifically with respect to the roles of various defendants, evidence related to guideline enhancements and the distribution of assets within the organization. She has agreed to testify truthfully in any future proceeding to which she may be called.

The plea agreement in this case does not contain any agreement as to a particular sentence. In light of the nature and extent of the Defendant's cooperation however, the United States is of the opinion that a downward departure from the applicable guideline range is appropriate in this case.

Accordingly, the United States hereby moves for a downward departure pursuant to Federal Sentencing Guidelines Section 5K1.1. Section 5K1.1(a) states:

> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following conduct:
>
>   (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
>   (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
>   (3) the nature and extent of the defendant's assistance;
>
>   (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting

2

      from his assistance;

      (5) the timeliness of the defendant's assistance.

<u>Id.</u> The information provided above indicates conduct relevant to factors 5K1.1(a)(1-4).

The probation officer found that the Defendant's offense level was 25, criminal history category II -- 63 to 78 months incarceration. Because of the Defendant's cooperation, the United States would suggest that the Court depart and reduce the offense level by 11 levels to a level 14 criminal history category II, resulting in a punishment range of 18 - 24 months incarceration. The United States would suggest that the Court consider the low end of the guideline range.

This is in some respects an extraordinary request in that it recommends a 2/3 reduction from the guideline range in this case. The United States believes, however, that it is appropriate based upon the facts noted above. Conversely, any further reduction would not be appropriate in this case. The defendant is a 36 year old adult with a high school education and over 50 credit hours from college. Her criminal activity was not a one-time violation; she engaged in on-going criminal conduct for well over one year. Any further reduction would diminish the seriousness of her conduct.

Wherefore premises considered, the United States requests that this motion be granted.

                                      JOHNNY SUTTON
                                      UNITED STATES ATTORNEY

                                      */s/ Mark H. Marshall*
                                      MARK H. MARSHALL
                                      Assistant U. S. Attorney
                                      State Bar No. 13032500

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Government's Motion for Departure Pursuant to Federal Sentencing Guidelines, Section 5K, has been sent by U.S. mail on August 19, 2008 to Counsel for the Defendant.

Christopher M. Gunter
Attorney at Law
600 West 9th Street
Austin, TX 78701

*[signature]*
MARK H. MARSHALL
Assistant U. S. Attorney

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | )<br>)<br>) |
| v. | ) CRIMINAL NO. A-07-CR-66 (3)LY<br>) |
| KELLY STRUVE,<br>        Defendant. | )<br>) |

<u>ORDER</u>

Came on to be considered United States Motion for Departure Pursuant to Federal Sentencing Guidelines, Section 5K, and the Court having considered said motion, hereby

ORDERS that United States motion be (DENIED) (GRANTED) as reflected in the Judgement and Commitment Order filed in this case.

ENTERED on this the _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE